UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID STEPHENS,

                    Plaintiff,                       Civil No. 05-6136-HA

        v.

                                          OPINION AND ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

                    Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act) as amended, 42 U.S.C. §1383(c)(3), seeking judicial review of a final decision of the

Commissioner of the Social Security Administration.  That decision denied plaintiff's application

for Supplemental Security Income (SSI).

Plaintiff had appealed a previous decision by the Commissioner denying benefits to this court, and an Order was issued on July 15, 2003, by United States Magistrate Judge Donald C. Ashmanskas (hereinafter the July 2003 Order), reversing the Commissioner's decision and remanding the case for a new hearing.  Following a supplemental hearing, the Commissioner again found plaintiff not entitled to benefits.

Plaintiff appealed this second denial.  Defendant concedes that the case must be remanded because the Administrative Law Judge (ALJ) failed to comply with the July 2003 Order and erred in evaluating plaintiff's testimony and the medical testimony of Doctors Charlotte Higgins-Lee, Kate Drescher, Joseph A. Balsamo, Cosimo N. Storniolo, Robert G. Moore, and Mark Wagener.  Defendant requests that this remand be for further proceedings.  For the reasons stated below, this case is remanded for an immediate calculation of benefits.

**ANALYSIS**

In light of defendant's concession, the administrative history and plaintiff's medical situations need not be reviewed here.  As defendant concedes, this court is compelled to remand this action due to errors by the ALJ.

At the heart of this case is the ALJ's failure to credit the medical testimony and plaintiff's testimony properly.  There is authority within the Ninth Circuit that in cases in which the ALJ's reasons for rejecting the claimant's testimony are legally insufficient, and the record is clear that the claimant would be found disabled if the claimant's testimony were credited as true, a remand ordering the calculation and award of benefits is appropriate.  *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *see also Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). Similarly, when the Commissioner fails to provide adequate reasons for rejecting the opinion

of a treating or examining physician, that opinion is generally credited as a matter of law. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995).

Some authorities question whether this "crediting as true" doctrine is mandatory. *See, e.g., Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) ("Instead of being a mandatory rule, we have some flexibility in applying the 'crediting as true' theory."). Because of this, defendant requests that this court refrain from crediting the improperly rejected evidence as true. Defendant instead requests that this court exercise its discretion to remand this case for further proceedings.

The "crediting as true" rule was established in *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396 (9th Cir. 1988) (referred to as "*Varney II*"). In adopting the "crediting as true" rule of the Eleventh Circuit, the Ninth Circuit acknowledged that the rule promotes important objectives: "Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from 'reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence in the record that suggests an opposite result.'" *Id*. at 1398 (citation omitted).

This court construes the reasoning in *Connett* as permitting some discretion in determining whether to credit a claimant's improperly rejected testimony as true. Similarly, this court also interprets this reasoning regarding the "crediting as true" doctrine as continuing to permit an improperly rejected medical opinion to be credited as true. A close reading of *Varney II* confirms that the Ninth Circuit did not distinguish between crediting a claimant's testimony and crediting improperly rejected medical reports regarding the claimant's health. Accordingly,

this court concludes that the improperly rejected testimony of the examining and treating physicians and plaintiff must be credited as true.

After crediting the challenged evidence, the court must next determine whether the remand must be for further proceedings or for the calculation of benefits.  A reviewing court has discretion to remand for further administrative proceedings or for an award of benefits.  *See, e.g., Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  Further administrative proceedings are inappropriate when enhancing the record would serve no useful purpose.  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).  A reviewing court should remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited.  *Benecke*, 379 F.3d at 593 (citing *Harman*, 211 F.3d at 1178).

Under these standards, remanding for a finding of disability and an award of benefits is appropriate here.

The court found in the July 2003 Order that it was likely that plaintiff was disabled after crediting the testimony of Drs. Higgins-Lee, Balsamo, and Drescher, but it was not possible to determine this as a matter of law.  However, the record has now been further developed.  After crediting the testimony of plaintiff and the six doctors and psychologists that were improperly rejected from the current record, plaintiff's disability is clear.

In the previous medical testimony, Dr. Higgins-Lee concluded that there was sufficient brain dysfunction to make daily functions difficult and that plaintiff would not do well if

required to remember auditory or verbal information.  Administrative Record 274 (subsequent references to the Administrative Record will be designated by "AR" followed by the page number).  Doctor Higgins-Lee recommended further evaluation to obtain more information on plaintiff's cognitive impairment.  Doctors Drescher and Balsamo concluded that plaintiff's severe psychological difficulties and cognitive deficits would make employment difficult, but that it might be possible for him to obtain a part-time job while participating in a vocational rehabilitation program.  AR 474.

Following the 2003 hearing, plaintiff underwent further evaluation and treatment.  In April 2004, Dr. Wagener found plaintiff to have a working memory (information processing) in the fourth percentile; impaired information processing, executive functioning, abstraction, memory, and complex visual motor skills; and that an anxiety disorder played a major role in his resistance to the use of machines to treat his sleep apnea.  AR 572-73.  Doctor Wagener concluded plaintiff had a cognitive disorder and found marked limitations in carrying out detailed instructions, moderate limitations in understanding and remembering detailed instructions, and moderate limitations in making judgments on simple work-related decisions.  AR 572, 583.  In June 2004, after noting that plaintiff barely made it through surgery, plaintiff's surgeon opined that plaintiff "is fairly well disabled" and "is not capable of doing very much."  AR 673.

Plaintiff testified that he was psychologically unable to use the prescribed sleep apnea treatment.  AR 444.  Plaintiff's testimony is supported by the medical testimony of Dr. Wagener. Plaintiff also testified that he falls asleep anywhere from two to six times a day and that he

cannot drive due to his sleep disorder.  AR 726.  Defendant concedes that the ALJ rejected plaintiff's subjective complaints improperly.

It is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, and additional proceedings are unnecessary to determine plaintiff's entitlement to benefits.  The record is fully developed, and further proceedings "would serve no useful purpose."  *See Smolen*, 80 F.3d at 1292; *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits).  When it is evident from the record that benefits should be awarded, remanding for further proceedings would only needlessly delay the realization of the primary purpose of the Act.  *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995) (citation omitted); *see also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993).

Moreover, permitting the Commissioner yet another opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice.  *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate); *Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (an ALJ cannot reach a conclusion first then attempt to justify it by ignoring competent evidence in the record.).  Allowing a "heads we win; tails, let's play again system of disability benefits adjudication" is unfair, and "would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [the] obligation to develop the record." *Benecke*, 279 F.3d at 595.  Here, the interests of justice are served by remanding for a payment of benefits.

/ / /

6 – OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, the decision of the Commissioner finding plaintiff David

Stephens not disabled is reversed.  This action is remanded for calculation of benefits.

IT IS SO ORDERED.

DATED this __4___ day of May, 2006.


_____/s/Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge